# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY HODGE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0850** (BOR Appeal No. 2048225)
                        (Claim No. 2005030768)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**J. W. MACHINE COMPANY,**
**Employer Below,**

## MEMORANDUM DECISION

Petitioner Larry Hodge, by Robert M. Williams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2013, in which the Board affirmed a February 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 10, 2011, decision granting no additional permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hodge was an employee of J. W. Machine Company when he retired on August 11, 2003. During his twenty-eight year career in coal mining, Mr. Hodge was exposed to occupational dust on an almost daily basis. Mr. Hodge filed an application for workers' compensation benefits based upon his assertion that he suffered from occupational pneumoconiosis. Mr. Hodge's case was then referred to the Occupational Pneumoconiosis Board which determined Mr. Hodge suffered 10% whole person impairment related to his occupational pneumoconiosis on November 2, 2006. Based upon the recommendation of the Occupational Pneumoconiosis Board, Mr. Hodge was found to have occupational pneumoconiosis and was granted a 10% permanent partial disability award related to occupational pneumoconiosis on January 3, 2007. Thereafter, Mr. Hodge filed an application to reopen his claim for an additional permanent partial disability award asserting he was entitled to more than a 10% permanent partial disability award. On August 10, 2011, the claims administrator determined that Mr. Hodge was only entitled to a 10% permanent partial disability award.

The Office of Judges agreed with the findings of the Occupational Pneumoconiosis Board and found that Mr. Hodge had failed to provide sufficient credible medical evidence to show he was entitled to more than a 10% permanent partial disability award. The Occupational Pneumoconiosis Board conducted an examination of the record and a hearing. At the hearing, Jack L. Kinder, M.D., stated that the studies from Donald L. Rasmussen, M.D., dated March 29, 2010, had slightly better volumes than those of the tests performed by the Occupational Pneumoconiosis Board. Overall the testing revealed 60% whole person impairment. Dr. Kinder noted that that the blood gas and exercise gas studies were normal. Dr. Kinder then opined that the study performed on June 23, 2011, was almost identical to the Occupational Pneumoconiosis Board's previous study performed on November 2, 2006. Both tests showed the same breathing impairment and the pulmonary function volumes were very similar. As a result, Dr. Kinder did not recommended any increase in Mr. Hodge's permanent partial disability award. Dr. Kinder then noted Mr. Hodge's twenty-five year history of cigar smoking, which he found was significant. Dr. Kinder stated that any presumption above 10% whole person impairment had been rebutted. The Office of Judges determined that the testimony of Dr. Kinder was persuasive. Accordingly, the Office of Judges affirmed the Occupational Pneumoconiosis Board's finding that Mr. Hodge was not entitled to any more than a 10% permanent partial disability award related to his occupational pneumoconiosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusion of the Board of Review. Pursuant to *Fenton Art Glass Co. v. West Virginia Office of Insurance Commissioner*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008), the Occupational Pneumoconiosis Board "is to be accorded considerable deference on medical matters related to the diagnosis and, if any, impairment related to occupational pneumoconiosis." Mr. Hodge has failed to establish that the recommendation of the Occupational Pneumoconiosis Board is in any way incorrect or based upon faulty information. Since the Occupational Pneumoconiosis Board recommended no more than 10% permanent partial disability award related to occupational pneumoconiosis and no other report opines otherwise, Mr. Hodge has failed to show that the Board of Review committed any error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II